UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| Antonette K. Merriweather, | ) |
| Plaintiff, | ) |
| vs. | ) 7:21-cv-00577-LSC |
| Juanita S. Digsby and State Farm Mutual Automobile Insurance Company, | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION AND ORDER

Plaintiff's motion to remand is before the Court. (Doc. 3.) The motion is fully briefed and ripe for review. After careful consideration of the briefs and cited authority, and for the reasons explained below, the motion is due to be denied.

**I**

On November 27, 2018, Antonette Merriweather was a passenger in a vehicle traveling south through Green County, Alabama. (Doc. 1-1 at ¶ 5.) At approximately 6:15 p.m., Juanita Digsby turned her car onto the highway and collided with

Merriweather's vehicle. (*Id.* at ¶ 6.) The collision caused Merriweather to allegedly suffer

>(1) injuries to her head, both hips, neck and back;
>
>(2) aggravation of preexisting conditions;
>
>(3) present and future pain and suffering;
>
>(4) mental anguish;
>
>(5) bruising "over various portions of her body";
>
>(6) permanent disfigurement and damage; and
>
>(7) past and future "personal injury medical expenses for treatment from various doctors, physicians, and hospitals."

(*Id.* at ¶ 7.)

Merriweather sued Digsby in the Circuit Court of Green County, Alabama on November 25, 2020. Her three-count complaint[1] seeks compensatory damages and punitive damages "in an amount which will adequately reflect the enormity of [Digsby's] wrongful acts . . . and which will prevent" similar wrongdoing in the future. (*Id.* at ¶ 15.)

---

[1] The complaint brings two counts against Digsby: negligence and wantonness. It also names Merriweather's underinsured motorist insurer, State Farm Mutual Automobile Insurance Company.

## II

Relying on 28 U.S.C. § 1332 and this Court's diversity jurisdiction, Digsby removed this case to federal district court on April 23, 2021. (Doc. 1.) Merriweather then moved to remand the case back to state court. (Doc. 3.) The only contested question—the only issue raised in Merriweather's motion to remand—is whether defendants have shown, by a preponderance of the evidence, that more than $75,000 is in controversy. *See Pretka v. Kolter City Plaza II, Inc.* 608 F.3d 744, 751 (11th Cir. 2010) (explaining how "the plaintiffs' likelihood of success on the merits is largely irrelevant the court's jurisdiction because the pertinent question is what is *in controversy*, not how much the plaintiffs are ultimately likely to recover."). The Court answers that question in the affirmative.

## III

When a plaintiff moves to remand a removed action back to state court, the removing party bears the burden of proof. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). To avoid remand the removing party must show removal was proper and that the federal court has subject matter jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (11th Cir. 1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). As relevant here, federal courts have

subject matter jurisdiction over cases where the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).

In cases like this one—diversity cases where the plaintiff's complaint does not specify the amount of sought-after damages—the removing party must demonstrate "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold" set by § 1332. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *see* 28 U.S.C. § 1446(c)(2)(B). Otherwise the removing party has failed to satisfy its burden, and a district court must remand the case for lack of subject matter jurisdiction.

Judicial experience and common sense teach that more than $75,000 is in controversy here. *See Roe v. Michelin v. N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case . . . meets federal jurisdictional requirements."). This is so for two reasons. First: Merriweather alleges significant personal injuries, including "permanent disfigurement" and injuries to her head, hips, and back. She claims these injuries aggravated her preexisting medical conditions and caused her to incur medical expenses from "various" doctors and medical professionals. These damages alone could plausibly exceed the jurisdictional minimum for diversity cases.

Second: The possibility of punitive damages adds to the amount in controversy and undermines Merriweather's motion to remand. *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). After all, the operative complaint accuses Digsby of making a "conscious decision to run into the front end of the vehicle Antonette Merriweather was a passenger in." (Doc. 1-1 at ¶ 14.) Because these allegations, if true, *might* expose the defendants to punitive damages, and because the possibility of "punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered," *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (internal quotations omitted), the availability of punitive damages bolsters the defendants' amount-in-controversy argument.

A court "need not suspend reality or shelve common sense" when evaluating the amount in controversy. *Roe*, 613 F.3d at 1062. Relying on judicial experience, common sense, and persuasive authority, the Court finds by a preponderance of the evidence that permanent disfigurement, head injuries, neck injuries, back injuries, aggravation of preexisting medical conditions, and medical expenses from "various" medical professionals—coupled with the possibility of punitive damages—places more than $75,000 in controversy.

## IV

Merriweather's motion to remand (Doc. 3) is therefore **DENIED**.

**DONE** and **ORDERED** on July 13, 2021.

_____
L. Scott Coogler
United States District Judge

203323